857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony McDONALD, Petitioner-Appellant,
v.
Ronald C. MARSHALL, Superintendent, Respondent-Appellee.
 No. 87-3897.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Petitioner Anthony McDonald appeals the district court's denial of his petition for writ of habeas corpus. Petitioner was convicted in the Common Pleas Court of Cuyahoga County of aggravated murder, Ohio Rev.Code Sec. 2903.01, and aggravated robbery, Ohio Rev.Code Sec. 2911.01, and was sentenced to concurrent terms of life imprisonment and four to twenty-five years imprisonment. The Ohio Court of Appeals affirmed petitioner's convictions and the denial of his motion for new trial, and the Ohio Supreme Court denied review. Petitioner brought a habeas corpus action pro se in district court pursuant to 28 U.S.C. Sec. 2254, arguing that his due process rights under the fourteenth amendment were violated because the convictions were not supported by sufficient evidence and because trial and post-trial errors rendered the trial and convictions fundamentally unfair. We find no violation of due process and affirm the district court's denial of habeas corpus relief.
 
 
 2
 Initially, respondent argues that this court lacks jurisdiction because notice of appeal was filed after the thirty-day filing period established by Fed.R.App.P. 4(a)(1). We reject this argument because, based on the record before this court, petitioner delivered notice of appeal to prison officials within the thirty-day period. Therefore, Rule 4(a)(1) is satisfied based on the Supreme Court's decision in Houston v. Lack, 108 S.Ct. 2379 (1988), in which the Court held that under Rule 4(a)(1), pro se prisoners' notices of appeal are "filed" when delivered to prison officials. We hold this court has jurisdiction to decide this appeal.
 
 
 3
 The test to determine whether a conviction is supported by substantial evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). This court has held that "[c]ircumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). We reject petitioner's sufficiency of evidence challenge because, viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of petitioner's murder and robbery charges proved beyond a reasonable doubt.
 
 
 4
 Petitioner also argues that errors committed during his trial and evidence discovered after his trial, considered together, rendered his trial and convictions fundamentally unfair in violation of due process. This court has recognized that although errors in application of state law are usually not cognizable in a federal habeas corpus court, such errors that result in a denial of fundamental fairness will support federal habeas corpus relief. Walker v. Engle, 703 F.2d 959, 962-63 (6th Cir.), cert. denied, 464 U.S. 962 (1983). However, we hold that none of the claimed errors, considered alone or cumulatively, constitute a denial of fundamental fairness. Thus, we find no due process violation.
 
 
 5
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation